J-A31028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RIDLEY SHIELDS | : | |
| | : | |
| Appellant | : | No. 1110 EDA 2017 |

Appeal from the PCRA Order March 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011770-2007

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 11, 2018**

Appellant, Ridley Shields, appeals *pro se* from the order entered on March 9, 2017, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

The trial court ably summarized the facts underlying Appellant's convictions:

> On November 18, 2006, Justun Mershon . . . [,] Darrell Robinson . . . , and [Appellant] were driving to [Mershon's mother's] house[,] which was located on North 28th Street in . . . Philadelphia.  Each man was carrying a firearm.  The three men had a conversation about a confrontation with a local drug dealer who had threatened Mershon with a gun the day before.  Appellant believed that Jimmy Moody, the decedent, had provided the gun and he wanted to confront Moody about the issue.  Mershon did not want to initiate any confrontation with Moody because Moody's uncle "was respected in the neighborhood" and if Mershon did anything to Moody, then Mershon would have to answer to Moody's uncle.

_____

* Former Justice specially assigned to the Superior Court.

Appellant[,] Mershon[,] and Robinson parked near Mershon's mother's house and began to walk up to the corner of 28th and Clearfield Streets[,] where they met John Gale. Moody, who was alone, was crossing the intersection and met the group. Moody shook hands with Mershon and said, "What's up J?"[,] to which Mershon replied, "Nothin', I'm just chillin'." Appellant immediately pulled his firearm from his sweatshirt sleeve and fired repeatedly at Moody. Moody fell backwards onto the street. As Appellant was firing his weapon at Moody, he also struck Mershon in the stomach. Mershon was lying on the ground when he saw Robinson stand over Moody and fire a single shot into [Moody's] head. After a few minutes, Mershon was able to rise to his feet and stagger up the block to his mother's house. Mershon's mother took him to the hospital where he was treated for a bullet wound to the liver and spleen.

The decedent, Jimmy Moody, sustained gunshot wounds to his head[,] jaw[,] arm[,] and back. The wounds to the [head, arm, and back] were made with a .32 caliber weapon[; the] wound to [Moody's] jaw was made with a .44 caliber weapon.

Appellant was arrested on July 17, 2007.

Trial Court Opinion, 7/13/10, at 2-3 (internal citations and footnote omitted).

On January 8, 2010, a jury found Appellant guilty of first-degree murder, criminal conspiracy, aggravated assault, possession of an instrument of crime, carrying a firearm without a license, and carrying a firearm on the public streets of Philadelphia.[1] On January 11, 2010, the trial court sentenced Appellant to serve a mandatory term of life in prison without

---

[1] 18 Pa.C.S.A. §§ 2502, 903, 2702(a), 907, 6106(a)(1), and 6108, respectively.

the possibility of parole for his first-degree murder conviction, and to serve concurrent terms of incarceration for the remaining convictions.

This Court affirmed Appellant's judgment of sentence on January 21, 2011 and Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. *Commonwealth v. Shields*, 23 A.3d 1087 (Pa. Super. 2011) (unpublished memorandum) at 1-14.

On January 17, 2012, Appellant filed a timely, *pro se* PCRA petition. Within this petition, Appellant claimed the following:

> Trial counsel was ineffective for failing to investigate, interview, locate and present exculpatory eyewitnesses. Counsel was ineffective for not informing petitioner of the importance of his right to present character witnesses and where counsel failed to present character witness testimony. Counsel was ineffective for failing to submit motion to suppress my incriminating statements.
>
> Appeal counsel was ineffective for failing to submit my appeal to the Supreme Court.

Appellant's *Pro Se* PCRA Petition, 1/17/12, at 3.

Appellant filed an amended *pro se* PCRA petition on August 20, 2012. In the amended petition, Appellant claimed that he was entitled to relief under *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), where the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2460 (2012). Appellant claimed that *Miller* provided him with an avenue for relief because he was "the age

of 18 at the time the above cited crimes were committed" and he received a mandatory sentence of life in prison without the possibility of parole for his first-degree murder conviction. Appellant's Amended *Pro Se* PCRA Petition, 8/20/12, at 3-4.

On October 11, 2012, the PCRA court appointed counsel to represent Appellant. However, on January 3, 2017, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

After reviewing counsel's **Turner**/**Finley** letter, the PCRA court entered an order that notified Appellant that it intended to dismiss the PCRA petition in 20 days, without holding a hearing. **See** PCRA Court Order, 2/10/17, at 1; Pa.R.Crim.P. 907(1). Appellant did not respond to the PCRA court's notice of intent to dismiss and, on March 9, 2017, the PCRA court granted counsel's request to withdraw and finally dismissed Appellant's PCRA petition. PCRA Court Order, 3/9/17, at 6.

Appellant filed a timely notice of appeal. Appellant raises the following claims on appeal:

> 1. Was the Commonwealth devoid of Tenth Amendment authority to prosecute [Appellant] and was the trial court devoid of Tenth Amendment jurisdiction and subject matter jurisdiction to hear criminal proceedings against [Appellant] where the Commonwealth is under the mandate(s) of the federal regulatory program of voitis, and where the Commonwealth filed fatally defective bills of information?

2. Was PCRA counsel ineffective for failing to raise all prior counsels' ineffectiveness in failing to discover and raise Tenth Amendment and subject matter jurisdiction violations and unconstitutional jury instructions?

3. Was PCRA counsel ineffective[] for failing to abide by [Appellant's] request to raise trial counsel's ineffectiveness in failing to object to, and preserve for direct appeal[,] an unconstitutional jury instruction which equated malice with intent and impermissibly instructed the jury that it could infer or presume malice and intent?

4. Was PCRA counsel ineffective for failing to discover and raise in an amended PCRA petition that malice, as defined by state law, violates the Fifth and Fourteenth Amendments?

Appellant's Brief at 2 (some internal capitalization omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not

have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

Appellant has waived all of his claims on appeal, as Appellant did not plead any of the claims in his initial or amended PCRA petition. As summarized above, Appellant raised the following claims in his initial and amended PCRA petition:

> 1) "Trial counsel was ineffective for failing to investigate, interview, locate and present exculpatory eyewitnesses;"
>
> 2) "Counsel was ineffective for not informing petitioner of the importance of his right to present character witnesses and where counsel failed to present character witness testimony;"
>
> 3) "Counsel was ineffective for failing to submit [a] motion to suppress [Appellant's] incriminating statements;"
>
> 4) "[appellate] counsel was ineffective for failing to [file an] appeal to the [Pennsylvania] Supreme Court;" and,
>
> 5) Appellant was entitled to relief under *Miller v. Alabama*.

Appellant's *Pro Se* PCRA Petition, 1/17/12, at 3; Appellant's Amended *Pro Se* PCRA Petition, 8/20/12, at 3-4.

On appeal, Appellant abandoned all of the claims he raised in his PCRA petition and Appellant has, instead, sought to raise new claims for the first time in this Court. Appellant cannot do so. As our Supreme Court has

emphasized, the pleadings constitute an "essential predicate for appellate review of post-conviction proceedings" and the failure to specifically plead the grounds for relief results in mandatory waiver of the claim. ***Commonwealth v. Wilson***, 861 A.2d 919, 928 n.8 (Pa. 2004). ***See also Commonwealth v. Edminston***, 851 A.2d 883, 889 (Pa. 2004) ("[c]laims not raised in the PCRA court are waived and cannot be raised for the first time on appeal").

Thus, since Appellant did not plead any of his current claims in his PCRA petition, all of Appellant's claims on appeal are waived.[2]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/18

---

[2] We note that Appellant filed a supplemental brief in this Court, where Appellant claimed that his trial counsel was ineffective for failing to object to the trial court's "jury instruction[] on the concept of reasonable doubt." Appellant's Supplemental Brief at 1. Like Appellant's other claims on appeal, Appellant did not raise his supplemental claim in his PCRA petition. Therefore, the claim is waived. ***Edminston***, 851 A.2d at 889.